## HILLER et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 4, 1901.)

### No. 25.

TARIFF DUTIES—BRAIDS.

Cotton braids, intended to be manufactured into shoe laces, though not trimmings, are within Tariff Act 1897, par. 339, imposing a duty of 60 per cent. ad valorem on certain cotton manufactures, among which are "embroideries, and all trimmings, including braids, edgings, insertings, flouncings, galloons, gorings, and bands"; the intention that the word "including" was used not by way of specification, but by way of addition, being shown by a comparison of the acts of 1897 and 1894, indicating that braids were intentionally taken out of the 45 per cent. paragraph, where they appeared in the act of 1894, and put into the 60 per cent. paragraph of the act of 1897, irrespective of the use to which they may be applied.

Lacombe, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Everit Brown, for appellants.
Charles D. Baker, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. On or about September 22, 1897, the appellants imported into the port of New York certain cotton braids in lengths of 120 to 144 yards, generally tubular, but in some instances flat, which were intended to be made into shoe laces by being cut into suitable lengths and properly tagged for that purpose. They are not trimmings, and are known as braids, or as shoe-lace braids. They were classified by the collector under paragraph 339 of the act of July 24, 1897, which imposed a duty of 60 per centum ad valorem upon a long list of articles composed of flax, cotton, or other vegetable fiber which have been ornamented, or are of an ornamental character. In this list were the following articles: "Embroideries and all trimmings, including braids, edgings, insertings, flouncings, galloons, gorings and bands." The importers protested that the merchandise was dutiable either under paragraph 322, which is as

follows: "All manufactures of cotton, not specially provided for in this act, forty-five per centum ad valorem," or at the same rate, under paragraph 320 of the same act, as bindings or tapes. Paragraph 322 is the only one now relied upôn. The board of general appraisers affirmed the action·of the collector, and the circuit court affirmed the decision of the board.

The construction which the defendants give to the language of paragraph 339 is, "all trimmings, including braids" used for that purpose. The government understands the clause to mean "all trimmings, among which are included braids, edgings," etc., and that the word "including" is used not by way of specification, but by way of addition. It would be somewhat difficult to infer the legislative intention from the language. of the paragraph without reference to the history of this part of the cotton schedule, because in the tariff acts the word "including" is sometimes used merely to specify particularly that which belongs to the genus,· and is sometimes used to add to the general class a species which does not naturally belong to it. A comparison of the provisions of the cotton schedules in the acts of 1894 and 1897, in regard to the classification of braids, is, however, quite significant of the intent of congress. Paragraph 263 of the act of 1894, which corresponded to paragraph 320 of the act of 1897, imposed a duty of 45 per ,centum ad valorem upon cords, braids, etc., made of cotton, but braids are omitted in paragraph 320 of the new act, which imposed the same duty. Paragraph 276 of the act of 1894, which corresponded to paragraph 339 of the new act, omitted braids, which was inserted in paragraph 339,—the one under consideration. This comparison of the two acts indicates that congress intentionally took braids out of the 45 per cent. paragraph, where it had been in 1894, and put the article into a paragraph imposing a higher rate of duty; and that it intended to impose the rate upon the articles generally, irrespective of the use to which they might be applied. The decision of the circuit court is affirmed.

LACOMBE, Circuit Judge. I am unable to concur in the opinion of the majority. Reference to the earlier acts in pari materia is no doubt illuminative as to legislative intent, and it is quite apparent that the braids of paragraph 263 of the act of 1894 are found nowhere in the act of 1897, except in paragraph 339. But the braids of paragraph 263 of the act of 1894 did not include the articles in question, because they were otherwise specially provided for in the same paragraph as "boot, shoe and corset lacings." I am, therefore, of the opinion that congress intended by paragraph 339 of 1897 to cover only such braids as are trimmings.