In re GOETZ'S WILL.

(Supreme Court, Appellate Division, First Department. April 18, 1902.)

WILLS—CONSTRUCTION—ABSOLUTE BEQUEST—PROVISION IN LIEU OF DOWER—
    DEBTS.

   The first clause of a will directed payment of debts, and the second
bequeathed "all my personal property, including furniture, plate, and
household effects, to my beloved wife, which, together with the other
provisions for her benefit, shall be in lieu of and in bar of dower."
The third and fourth clauses gave certain money legacies. The fifth
clause gave the residue in trust, one-third for the use of the wife, and
the balance for the children, and on termination of the trust the wife
was to take $7,000. The personal property was of the value of $10,795,
and the value of the wife's dower in the real property was in excess
of the value of the bequest therein. Held, that the wife's bequest was
not limited to furniture, plate, and household effects, but that she took
all the personal property, subject only to the payment of debts, and
not to the money legacies.

Appeal from surrogate's court, New York county.

Judicial accounting of Bridget Goetz and others, executors and
trustees of the estate of Ignace Goetz, deceased. From a decree in-
terpreting certain portions of the will, Bridget Goetz, as one of the
beneficiaries, appeals. Reversed.

The appeal is taken from the whole account as filed, but the appellants
state that the question they wish determined is the interpretation of the
will, which has been determined adversely to the widow in the court below.
Ignace Goetz duly executed his will on May 28, 1891, at a time when he had
a family consisting of his wife, Bridget, and three daughters and six sons.
Two of his sons, Edward Paul and Francis Xavier, were minors. Another
son, Julius, was insane, and another, Louis Eugene, was evidently improvi-
dent. The testator died January 15, 1892, leaving, him surviving, the
family above mentioned, and leaving both real and personal property; the
latter amounting to $10,795.15, besides the furniture, plate, and household
effects, mentioned in the second clause of the will. The will of the testator
first directed that his debts be paid, then the following: "Second. I give
and bequeath all my personal property, including furniture, plate, and house-
hold effects, to my beloved wife, Bridget, which, together with the other
provisions of this my will for her benefit, shall be in lieu of and in bar of
all claim of dower in my estate. Third. I give to my executors, hereinafter
named, the sum of five hundred dollars, in trust for the use and benefit, at
their discretion, of my son Julius Augustus, now insane, and if in the judg-
ment of my executors it may be necessary to contribute to his support
and maintenance. In case of the death of the said Julius Augustus, I give
the said sum of five hundred dollars, unless disposed of by my executors, to
my children who may survive him, share and share alike. Fourth. I give
to my son Louis Eugene, for and during the term of his natural life, the
sum of seventeen dollars per month, to be paid to him by my executors, here-
inafter named. Fifth. I give, devise, and bequeath all the rest, residue,
and remainder of the property and estate of which I shall die seised unto
my executors, in trust, to collect and receive the rents, issues, and profits
thereof, and apply one-third of the same to the use of my wife, Bridget,
and the balance thereof to the use of my children named, as follows: Al-
fred Edward, Eliza Josephine, Charles Francis, Emily Augusta, Mary Fran-
ces, Edward Paul, and John Francis Xavier, equally, share and share alike,
until both of my minor children, Edward Paul and John Francis Xavier,
shall become of age, or until the death of both of them before attaining
majority. When my said minor children become of age, or at their death
before attaining majority, I direct that said trust shall cease, determine,
and be at an end, and I authorize and direct my executors, hereinafter

named, to sell and convert all of said property and estate so held in trust into money and divide the proceeds thereof as follows: (a) I give to my beloved wife, Bridget, the sum of seven thousand dollars thereof, and to my daughter Mary Frances the sum of one thousand dollars thereof. (b) I give the balance thereof to my children named as follows: Alfred Edward, Eliza Josephine, Charles Francis, Emily Augusta, Mary Frances, Edward Paul, John Francis Xavier, equally, share and share alike. In the event of the death of either of my children last mentioned without leaving issue them surviving, I give the share of the one so dying to the other children named in this paragraph. In the event of either of my children named in this paragraph leaving lawful issue them surviving, I give the share of the one so dying to such lawful issue, share and share alike. In the event that any of the beneficiaries named in this my will shall contest this will, the share or shares of the one or more so contesting I give to the others not contesting, equally. Sixth. I give to my executors hereinafter named full and absolute power and authority to sell, mortgage, or lease any and all of my real estate at any time they shall deem it advisable for the best interests of my estate, and to execute, acknowledge, and deliver all deeds, bonds, and mortgages, or other instruments, that may be necessary in the management of my estate." Then follows the clause appointing his executors, and the due execution of the instrument.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

William H. Hamilton, for appellant.
Thomas F. Byrne, for respondent.

HATCH, J. The learned surrogate held, construing the will of the testator, that nothing passed thereunder to the widow by the second clause except the furniture, plate, and household effects of the testator; that the debts in the first clause and the money legacies contained in the third and fourth clauses of the will were charges upon the personalty. It is the construction of these clauses that presents the only question necessary to be determined upon this appeal.

The consideration of a few general principles which are uniformly applied in the construction of wills seems to present a solution of the present question and enforce the will according to the intent of the testator. It is a general rule that the personal estate of a testator is the primary fund for the payment of debts and legacies, in the absence of an express provision making them a charge upon the testator's real property, or in the absence of an intent, to be gathered from the language used and the scheme of the will as a whole, to show otherwise. Hoes v. Van Hosen, 1 N. Y. 120.

If we construe the language of the second clause of the will literally, the testator gives thereby to the widow all of his personal property. The words which follow in this clause are not words of limitation, nor can their literal significance be used to cut down the bequest contained therein. The language is a gift of the whole, including furniture, plate, and household effects. "Including" is not a word of limitation, rather is it a word of enlargement, and in ordinary signification implies that something else has been given beyond the general language which precedes it. Neither is it a word of enumeration of the property which would pass by the express terms of the language of gift. No language could be used which

would express the gift of a whole stronger in terms than that of which the testator made use. He could not give more than all of his property, and that is what he assumed to give in terms. The enumeration of special property is preceded by the statement that such property is included in the gift of all his personal estate. There is nothing, therefore, in the language of this clause which can be construed as words of limitation upon the bequest contained therein. In addition to this, the further provision is that the absolute and complete bequest shall be in lieu of and of all claim of dower in the testator's estate. The gift, therefore, is to be construed as being founded upon a valuable consideration, as the surrender of the dower interest is made a condition of the bequest. It is evident, therefore, that, so far as the express language of the will is concerned, the gift is absolute of all his personal property, including furniture, plate, and household effects, and in consideration of such bequest dower right is to be released. So far, therefore, as the express language of this clause of the will is concerned, it clearly excludes a construction which would limit the estate bequeathed, and, so far as the testator's intent can be gathered from the language which he has used, it is clear that he understood that he was giving to his wife the whole of his personal estate, subject to no diminution by legacies charged thereon. Such a clause is to be liberally construed in favor of the widow. Moffett v. Elmendorf, 152 N. Y. 475, 46 N. E. 845, 57 Am. St. Rep. 529; Thurber v. Chambers, 66 N. Y. 42. As the gift is founded upon the exclusion of dower, such fact is also to be taken into consideration, and the provision thus made is to be regarded as the dominant provision, and all other clauses are to be made subordinate thereto, if the will as a whole can be supported. Stimson v. Vroman, 99 N. Y. 74, 1 N. E. 147; Roseboom v. Roseboom, 81 N. Y. 356.

This clause of the will, therefore, may not be cut down or limited by subsequent provision, unless the intent so to do is expressed in decisive and unqualified terms. Such is the effect and the language of the authorities we have cited. The effect of the provision directing the payment of legacies contained in the third and fourth clauses would ordinarily be construed as constituting a charge upon the personal estate of the testator, as there is no language in the will which expressly makes them a charge upon the real property. Such construction, however, is not permissible under the terms of the present will, for the reasons already assigned, and for the further reason that it appears that the value of the widow's dower in the real property left by the testator was considerably in excess of the value of the bequest therein, and of her rights in the personal estate.

The testator evidently bore towards his wife much love and affection, and expresses the same in the second clause of his will. It is fair to presume, therefore, that he intended to make his wife a fair and just provision in the distribution of his property. It would be opposed to such relation to presume that he intended to make his gift to the wife delusive, and in fact worth much less than though he had made no provision for her at all. On the contrary, such considerations are pertinent matters of inquiry, as bearing upon the intent of the testator. If we adopt the construction of the learned surrogate in the present

case, we not only have to conclude that the testator intended to deprive his wife of her rightful interest in his property, but also to cut down and limit language which corresponds with such intent, and do violence thereto, which the literal and ordinary signification of the words does not permit. We think, therefore, that it was the intent of the testator, and the scheme of the will, as well as his express language, to give to his wife the whole of the personal estate of the testator, without any diminution on account of the subsequent legacies, and that by fair construction the testator intended to charge their payment upon his real property. We do not think, however, that this construction should obtain as to the debts. The clause in the will which directs their payment proceeds the bequest to the wife of all the personal estate. Debts are, of course, payable out of the personalty where it is sufficient for the purpose, and resort may not be had to the real estate until the personal estate is exhausted; and proof is required to be made of such fact in a proceeding to charge payment of debts upon the real property. Code Civ. Proc. § 2759, subd. 5. And by the petition in such proceeding, if presented by the executor or administrator, it is required to state the amount of the personal property which has come to their hands, and the disposition made of the same. Id. § 2752, subd. 4. As the first direction in the will was to pay debts, and as we have already seen that the personal estate is the primary fund for their payment, we think it was the intent of the testator to give to the wife all of the personal estate that survived the administration of the same, and that the debts are a proper charge thereon. For the reasons already assigned, however, the testator's intent was evidently otherwise, so far as the legacies to which we have heretofore made reference are concerned.

If these views are sound, it follows that the decree of the surrogate should be reversed, and a decree entered which shall correspond to the views expressed in this opinion, with costs to the appellant, payable out of the estate. All concur.