## UNITED STATES v. PIERCE.

(Circuit Court, D. Vermont. October 19, 1905.)

### No. 1,595.

1. CUSTOMS DUTIES—CLASSIFICATION—ROSSED PULP WOOD.

Pulp wood subjected to the rossing process, by which the bark and excrescences are mechanically removed, in order to prepare it for use, is not, by reason of this treatment, to be excluded from the provision in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 699, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], for "logs and round unmanufactured timber, including pulp woods, * * * not specially provided for."

2. SAME—WOOD—BLOCKS OR STICKS ROUGHHEWN OR SAWED.

In construing Tariff Act July 24, 1897, c. 11, § 1, Schedule D, par. 200, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1646], relating to "blocks or sticks, * * * rough-hewn, sawed," etc., held, that the hewing contemplated is a new shaping, and that the sawing is something more than merely sawing the blocks or sticks off from longer pieces.

3. SAME—TRIAL—BOARD OF GENERAL APPRAISERS—SHIFTING MEMBERSHIP.

On review of a decision of the Board of General Appraisers, the regularity of the Board's procedure may not properly be challenged on the ground of the presence or absence of different General Appraisers while the testimony is being taken.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,627 (T. D. 25,166), which reversed the assessment of duty by the collector of customs at the port of Newport, Vt., on merchandise imported by Charles W. Pierce.

James L. Martin, U. S. Atty., and William G. Thompson, for the United States.

Stetson, Jennings & Russell (Frederic B. Jennings, of counsel), for importer.

WHEELER, District Judge. Tariff Act July 24, 1897, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626], lays a duty on:

"200. Hubs for wheels, posts, heading bolts, stave bolts, last-blocks, wagon-blocks, oar-blocks, heading-blocks, and all like blocks or sticks, rough-hewn, sawed or bored, twenty per centum ad valorem; fence posts, ten per centum ad valorem." Section 1, Schedule D, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1646].

And puts on the free list:

"699. Logs and round unmanufactured timber, including pulp-woods, firewood, handle-bolts, shingle-bolts, gun-blocks for gunstocks rough-hewn or sawed or planed on one side, hop-poles, ship-timber and ship-planking; all the foregoing not especially provided for in this act." Section 2, Free List, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689].

This importation is rossed pulp wood, consisting of round spruce timber, cut into short lengths suitable for grinding into pulp for making paper, with the bark and other excrescences removed by machine to fit them for use, which constitutes the rossing. The collector appears to have assessed a duty of 20 per cent. upon them as "like blocks or sticks rough-hewn," under paragraph 200, against a protest that they should be free as pulp woods under paragraph 699. This was reversed by the Board of General Appraisers on appeal. The question seems to be whether these short logs are included as pulp woods with the logs or round unmanufactured timber of paragraph 699 as the Board has found, or are more specifically described with the blocks and sticks of paragraph 200.

The regularity of the proceedings of the Board in the presence and absence of different members at various times during the taking of testimony has been challenged, but this seems to be a matter within their own discretion, not reviewable here in dealing only with their conclusions, which must be such as are reached in their own way. The sawing of blocks or sticks in paragraph 200 cannot be well understood to mean the mere sawing them off from longer sticks into shorter sticks or blocks, but only the sawing of the blocks or sticks themselves after being cut off; and the roughhewing seems to mean a new shaping, which this rossing is not. Logs and timber are generally much longer than these pulp wood sticks, and by those names might not be thought to include them without more, and their express inclusion in the wood schedule seems to have been made for greater certainty in taking them from the paper schedule where they had been before. Logs peeled, trimmed, and sawed off are still logs. Hemlock logs are almost always so treated, and are still called logs. The rossing of these short pulp wood logs is mere peeling and trimming, although more than the bark is in places removed, because of the difficulty in limiting the operation of the machine used to removing only the bark. What is left is no different from what it would be if only peeled by hand. The short pulp wood logs were only cleaned and prepared for use as the shells had been in Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240, 30 L. Ed. 1012. If these pulp woods are included by the statute as logs, they still were such; and, if as round unmanufactured timber, they were still that at the time of importation.

Decision of Board affirmed.