UNITED STATES v. PIERCE.

(Circuit Court of Appeals, Second Circuit. June 7, 1906.)

No. 268 (1,595).

1. CUSTOMS DUTIES—CLASSIFICATION—ROSSED PULP WOOD—"UNMANUFAC-TURED TIMBER"—"INCLUDING."

In construing the provision in paragraph 699, Tariff Act July 24, 1897, c. 11. § 2, Free List. 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689] for "round unmanufactured timber including pulp-woods," *held* that pulp wood subjected to the rossing process whereby the bark, skin, and rough places are removed, is not manufactured in any true sense; also that it is not necessary that the "pulp woods" should be "round unmanufactured timber," "including" being used as equivalent to "also."

2. SAME—ROSSED PULP WOOD.

The term "pulp woods" in paragraph 699, Tariff Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], has no commercial signification differing from its ordinary meaning, and is employed as a short. comprehensive expression intended to cover pulp wood in all its forms, including such as has been subjected to the rossing process.

Appeal from the Circuit Court of the United States for the District of Vermont.

For decision below, see 140 Fed. 962, affirming a decision of the Board of United States General Appraisers, which had reversed the assessment of duty by the collector of customs at the port of Newport, Vt., on importations by C. W. Pierce.

William G. Thompson, for United States.

Stetson, Jennings & Russell (Frederic B. ·Jennings, of counsel), for importer.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. The importations in controversy were invoiced as "rossed pulp wood," and consisted of spruce wood in the form of sticks or logs of about 10 inches diameter, cut in lengths of about two feet, and "rossed." They belong to the class of woods, chiefly poplar and spruce, used for making pulp in the manufacture of paper. Before the date of the present tariff act they were imported in various forms, cut into suitable lengths; sometimes with the bark on; generally with the bark peeled off; and occasionally, though seldom, "rossed," that is, with the bark, skin, and rough places of the log removed by hand shaving or by a rossing machine. The primary object of peeling and rossing is to cheapen transportation by reducing the bulk and weight of the wood. But rossing is necessary when the wood is to be used in making high-grade pulp, and is done to a limited extent to logs which have been already peeled by pulpmakers in order to remove imperfections and impurities that remain about the surface.

The Board of General Appraisers decided; and the court below affirmed that decision, that the importations should have been classified for duty under paragraph 699, of the present tariff act (Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689]), which reads as follows:

"699. Wood: Logs and round unmanufactured timber, including pulp-woods, firewood, handle-bolts, shingle-bolts, gun-blocks for gun-stocks, rough-hewn or sawed or planed on one side, hop-poles, ship-timber and ship-planking; all the foregoing not specially provided for in this act."

It is contended for the appellant that they should have been classified under paragraph 200, § 1, Schedule D, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1646], which reads as follows:

"200. Hubs for wheels, posts, heading bolts, stave bolts, last-blocks, wagon-blocks, car-blocks, heading-blocks, and all like blocks or sticks, rough-hewn, sawed or bored, twenty per centum ad valorem; fence posts, ten per centum ad valorem."

There was, at the date of the present tariff act, no commercial signification of the terms "logs," "round unmanufactured timber," or "pulp woods" differing from the ordinary meaning of these terms

It is conceded by the appellant that if the importations answer the description in paragraph 699, the decisions below were correct; but appellant insists (1) that they are not "logs" because that term includes only logs in their natural state, or hewn only; (2) that they are not "round unmanufactured timber" because they have been advanced from that category by the process of rossing; and (3) that it is not enough that they may be pulp woods, as only such pulp woods are included as are also round unmanufactured timber.

For many years pulp woods have been exempt from duty. Going back only to the tariff act of 1883, they were enumerated in the free list as "Woods, poplar or other woods for the manufacture of paper." In the tariff act of 1890 they were transferred to a general provision exempting "paper-stock, crude, of every description, including   *   *   *

poplar and other woods fit only to be converted into paper." In the tariff act of 1894, the exemption was made in the same phraseology as in that of 1890. In the present act they were omitted from the general paper-stock provision, and transferred to paragraph 699. During all these years duties were never levied upon pulp woods in any form in which they were imported. · It is to be assumed that Congress was aware of the different forms in which they had been usually imported; and it would seem that when, for the first time, they were enumerated as "pulp woods" in 1897, a short but comprehensive descriptive term was employed which was intended to cover them in all their forms. The evidence shows that while pulp wood has been designated in trade to some extent as rough pulp wood (being wood with the bark on) peeled pulp wood (being wood with the bark peeled by the spudder), and rossed pulp wood (being wood with the bark removed by a barker or rossing machine), all kinds have been equally known as pulp wood and have not been considered as anything else until they are converted in the grinder or the chipper into pulp.

The argument that by the use of the word "including," preceding the words "pulp woods, firewood," etc., in paragraph 699, Congress intended to put only such pulp woods on the free list as should also be round unmanufactured timber, is not persuasive. We think the word "including" was used as the equivalent of "also," a sense in which it is frequently employed in tariff acts. It is sufficient to refer to the decision of this court in Hiller v. United States, 106 Fed. 73, 45 C. C. A. 229. But rossed pulp wood is not a manufactured timber in any true sense. It would be absurd to call hand-peeled logs manufactured timber. The only real difference between peeled pulp wood and rossed pulp wood is one of degree; and if the pulp wood from which the bark is removed by a spudder is as thoroughly treated as that from which it is removed by a rosser, the result is practically the same.

We agree generally with the decision of the Board of General Appraisers and of the Circuit Court, and do not deem it necessary to add anything further to the opinions of Judge Wheeler and Mr. Appraiser Somerville.

The decision is affirmed.