BARUCH v. UNITED STATES.

(Circuit Court, S. D. New York.    November 23, 1907.)

No. 4,419.

CUSTOMS DUTIES—CLASSIFICATION—FEATHERSTITCH "BRAIDS."
    Articles commercially designated as "featherstitch braids," though produced by a weaving rather than a braiding process, are by reason of such designation dutiable as "braids" under Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662.]
    [Ed. Note.—For other definitions, see Words and Phrases, vol. 1, p. 856.]

On Application for Review of a Decision by the Board of United States General Appraisers.

In the decision below the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York on imports of Leopold Baruch, this ruling being on the authority of a previous board decision, G. A. 6,404 (T. D. 27,506), affirmed in Vom Baur v. United States (C. C.) 141 Fed. 439, and of In re Dieckerhoff (C. C.) 54 Fed. 161.

Comstock & Washburn (Albert H. Washburn, of counsel), for importer.

J. Osgood Nichols, Asst. U. S. Atty.

PLATT, District Judge.    The articles in dispute (Collective Exhibits A, B, and C) are woven on a loom.    Tapes and bindings are made that way.    Braids are usually made on a machine.  The manner of making, therefore, leads us towards tapes and bindings in paragraph 320, Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661]; but a thing is not necessarily one or another for tariff purposes, because it is made in a certain way.    When we come to look at the uses to which they are put, we find that they have a dual function.    They serve to cover and unite the raw edges, and in that sense are perhaps tapes or bindings; but they also look pretty, and in that sense are ejusdem generis with "embroideries and all trimmings, including braids," in paragraph 339.    Did or did not Congress have these things in mind when the tariff act of 1897 was passed?

To answer that question properly it seems right to look at the Dieckerhoff Case.    In that case the government tried to classify similar articles as cotton trimmings at 60 per cent., but the importers insisted upon their classification as cotton braids at 35 per cent.    This was established by proving the commercial designation.    The manner of making and use was substantially the same as in the present case.    In 54 Fed. 161 (C. C. 1893), Judge Coxe sustained the importers' contention.    The government acquiesced, and the ruling of that case prevailed until the passage of the act of 1897.

It is unthinkable that the parties who had succeeded in getting a low rate of duty, based upon commercial usage, would have taken any steps to obstruct the generality, uniformity, and definiteness of such usage whilst they were benefiting thereby.    Prior to the 1897

tariff act, articles like those now at issue had many subsidiary names just as these articles have, but the ruling was that the goods came under the general trade designation of "featherstitch braids" and must therefore pay duty as braids. The importers prepared for themselves the bed in which they rest, and they ought to be the last persons to complain of irregularities while occupying it. I cannot avoid the conclusion that when Congress included braids among trimmings it had the Dieckerhoff Case in mind. The decision of the Circuit Court of Appeals in Hiller v. U. S., 106 Fed. 73, 45 C. C. A. 229, leads me to think that the same opinion ruled there in the mind of the dissenting judge.

The board found that these goods were known generally in the trade as "featherstitch braids" prior to 1897. The further testimony taken in court does not tend to weaken that conclusion; in truth it serves to strengthen it. At the hearing the importers acquiesced in the board's decision in so far as it related to Collective Exhibit C, and were more or less faint-hearted in their attack upon Collective Exhibit B. If they can divest themselves for a moment of the influence which self-interest furnishes, they will see that the logic of the situation sweeps Collective Exhibit A into the same net.

The decision of the board is affirmed.