UNITED STATES *v.* SAUNDERS *et al.* (No. 1244).[1]

MILL BUTTINGS—FIREWOOD.

The evidence here is that not over 30 per cent of these importations is suitable for or is used for making matches, and that the remainder is used for firewood. The merchandise—ends cut from deals or planks—should be classified as firewood, and was entitled to free entry.

United States Court of Customs Appeals, January 22, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33069 (T. D. 33644). [Affirmed.]

*William L. Wemple*, Assistant Attorney General (*Frank L. Lawrence*, special attorney, on the brief), for the United States.

*Brown & Gerry* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The question here is whether so-called mill buttings are entitled to free entry under paragraph 712 of the tariff act of 1909 or dutiable under paragraphs 201 or 479 of the same act. The material portions of the paragraphs are here inserted:

201. * * * Sawed lumber, not specially provided for in this section, one dollar and twenty-five cents per thousand feet, board measure.

479. Waste, not specially provided for, ten per centum ad valorem.

712. Wood; logs and round unmanufactured timber, including pulp woods, firewood, * * *.

The case involves two appeals, the collector having assessed the merchandise, which is the same in each case however, in one instance under paragraph 201 and in the other under paragraph 479. The board reversed the collector and sustained the protests.

These mill buttings consist of the ends cut from deals or planks manufactured in Canada for the English market. The logs from

---

which the deals are sawed are cut a little longer than the deals themselves. These logs are evidently floated downstream to the sawmill, and, as a quite natural result of this method of transportation, the ends of the logs become bruised or injured and after the deals are sawed therefrom they are butted, the product being the merchandise here.

The samples used as exhibits in the case vary from 4 to 10 inches in length, running with the grain of the wood, from 8 to 12 inches in width, and all are 3 inches thick, but the evidence shows that some are 3 feet in length. The only use made of these deal ends in Canada is for firewood and they are used there for that purpose.

The importations before us were in carload lots and were sold to the Ohio Match Co.

The Government contends that the evidence shows that the particular importations were wholly for the purpose of making matches, and, further, that it fails to show that they were firewood or were intended to be so used.

As we understand the evidence, it is to the effect that not only these particular importations but many others have by the Ohio Match Co. been taken to their factory and such pieces as were of sufficiently good quality used in the manufacture of matches; that the balance was sold or used for firewood; and that the importers have sold some importations, not perhaps those involved in this case, but of like nature, for firewood.

The Board of General Appraisers in G. A. 6573 (T. D. 28070), which apparently involved merchandise like these mill buttings, held they were entitled to free entry as pulp wood under paragraph 699 of the act of 1897, it appearing in that case that they were used for that purpose.

In T. D. 32926 apparently like merchandise was claimed and by the board held to be entitled to free entry under paragraph 712 of the act of 1909, hereinbefore quoted, and in sustaining the protests here the board rely upon the authority of those cases.

In the board decision first above mentioned, reference is made to T. D. 25166, where spruce sticks or logs about 10 inches in diameter, cut into lengths of from 2 to 2½ feet and rossed, and which were shown to be chiefly if not solely used to make wood pulp, were held entitled to free entry under paragraph 699 of the act of 1897, which ruling was affirmed in United States *v.* Pierce (140 Fed., 962, and again in 147 Fed., 199).

In the case at bar the board has found that the merchandise is used for firewood and match blocks. We think the evidence supports the finding and that the finding is to be construed in the light of the evidence, which is that not over 30 per cent of these importations is suitable for or is used for matches and that the balance is used for firewood.

The Government relies somewhat upon T. D. 20100, where certain mill buttings were held dutiable at 20 per cent ad valorem as match blocks under paragraph 200 of the act of 1897, relating to certain blocks and all other "like blocks or sticks," as against the claim for free entry as firewood. That case, as we read it, related to importations of assorted mill buttings, all of which were found to be match blocks suitable for the purpose of that manufacture and not firewood, and therefore seems to be distinguishable from the case at bar.

We are of opinion, after a review of all the authorities cited and in view of the facts here, that this merchandise should be classified as firewood and entitled to free entry. Were not firewood upon the free list it might appropriately be dutiable as waste under paragraph 479, but Congress has seen fit to give free entry to firewood and we think its mandate is properly invoked in this case.

The judgment of the Board of General Appraisers is *affirmed*.