## CUNNINGHAM v. SIZER STEEL CORPORATION.

## FIDELITY TRUST CO. OF BUFFALO v. SAME.

(District Court, W. D. New York. Feb. 26, 1924.)

No. 487.

**1. Chattel mortgages ⬪18—Rule stated as to validity of mortgage on after-acquired property.**

Trust mortgage purporting to cover after-acquired property is ineffective as against mortgagor's creditors, unless some further act makes it effective lien against creditors.

**2. Corporations ⬪482(5)—Creditor of mortgagor held to have burden of showing that certain property after-acquired, and therefore not subject to mortgage.**

Creditors of manufacturing corporation, who claimed that trust mortgage purporting to cover after-acquired property, such as machinery and equipment constituting company's plant, was invalid as to creditor in so far as it covered certain equipment because acquired after execution of mortgage, had burden of proving that such equipment was not in company's possession when mortgage was executed.

**3. Corporations ⬪478—Mortgage held not to cover merely property similar to that particularized; "including."**

Steel manufacturing corporation's trust mortgage, covering real estate and fixed property of company and all mills, factories, etc.,

expressly including certain specific things mentioned as being located on described real estate, *held,* not to cover merely specific property particularized following word "including," or property of like nature, since such word is not a term of limitation, notwithstanding ejusdem generis rule (citing Words and Phrases, Second Series, Including.)

In Equity. Suits by Alan Cunningham and by the Fidelity Trust Company of Buffalo against the Sizer Steel Corporation. On confirmation of report of special master. Report confirmed.

Locke, Babcock, Spratt & Hollister, of Buffalo, N. Y. (H. W. Huntington, of Buffalo, N. Y., of counsel), for Fidelity Trust Co.

Killeen, Sweeney & Kelly, of Buffalo, N. Y. (Henry W. Killeen and John A. Kelly, both of Buffalo, N. Y., of counsel), for Unsecured Creditors.

Saperston, McNaughtan & Saperston, of Buffalo, N. Y. (Alfred M. Saperston, of Buffalo, N. Y., of counsel), for Unsecured Creditors' Committee.

HAZEL, District Judge. The confirmation of the special master's report is opposed by the creditors' committee, on the ground that certain after-acquired property necessary in the conduct of the business was not included in the intendment of the trust mortgage; that the clause therein relating to property not in existence is void as to the general creditors; and tools, fixtures, machinery, accessories, and adjuncts contained in the plant, which cannot be identified by plaintiff as articles specified in the mortgage, are not covered by it. The rule of law that applies to mortgages covering after-acquired property is found in Zartman v. First Nat. Bk., 189 N. Y. 267, 82 N. E. 127, 12 L. R. A. (N. S.) 1083, where the mortgage given by a manufacturing company covered machinery, tools, and appliances in the plant which were acquired subsequently. The dispute arose over a fund realized from the sale of the property mortgaged by order of the court, and whether a clause in the mortgage purporting to cover after-acquired personal property was valid as against the trustee in bankruptcy. The court held that the mortgage was not valid as to finished and unfinished materials from which the musical instruments on hand were made at the time possession was taken by the mortgagee. And the court enunciated the principle that a court of equity would not "treat a contract to give a mortgage upon a subject to come into existence in the future as a mortgage actually then given, if the result would de-

prive the general creditors with superior equities so far as after-acquired property is concerned, of their only chance to collect debts." See, also, Titusville Iron Co. v. City of New York, 207 N. Y. 203, 100 N. E. 806.

[1] In this case the trust mortgage, in comprehensive terms, gives a lien not only on all the real estate and fixed property of the mortgagor, but also on all mills, factories, fixed and movable machinery, attachments, apparatus, appliances, equipment, and accessories, and all tangible property, expressly including certain specific things mentioned that were located upon the described real estate, and furthermore the mortgage purports to cover "any additional real estate" and "any additional plants, equipment and other fixed assets which may hereafter be acquired." The language used in the mortgage covers the property in general and specific terms, and the inference is not unwarranted that the creditors were aware of the scope of the lien when their dealings with the mortgagor began. But such a mortgage is nevertheless, as Judge Mayer said in Pintsch Compressing Co. v. Buffalo Gas Co. (C. C. A.) 280 Fed. 836, basing his opinion on state decisions, ineffective as against creditors of the mortgagor unless some further act appears to make it an effective lien against creditors. It is not attempted herein, as I understand the argument, to include after-acquired products of manufacture or supplies and materials on hand or any other kind of personal property other than such as is affixed to the real estate, and the mortgaged machinery and equipment for the operation of the steel plants in question.

[2] The special master found that the creditors failed to establish that many of the articles (Schedules D and E) were acquired after the execution of the mortgage, and that they wholly failed to identify certain enumerated property as after-acquired, and therefore exempt from the lien of the mortgage. In his view, because of failure of proof, most of the personal property consisting of tools, equipment, appliances, etc., in the mills and factories conducted by the mortgagee comes within the provisions of the trust mortgage, except certain articles and materials on hand to be used for the purpose of manufacture and sale, and certain other personal properties such as boiler and office furniture. He visited both plants, one located at Buffalo, and the other at Syracuse, and reached his announced conclusions, after considering the testimony offered by the creditors, relating to identification and distinguishment of the articles.

In my opinion the creditors were required to make identification as to the articles not included as they claimed in the mortgage so that they might be set apart and excluded from the lien. Concededly a mortgage of after-acquired personal property is valid between the parties and invalid only as to creditors. Hence I think the presumption is not unwarranted that the instrumentalities and equipment not excluded from the lien of the mortgage were in the possession of the mortgagor when the mortgage was executed and delivered and were not afterwards acquired. The bare suggestion that certain of the enumerated articles were added to the plant after the mortgage was given does not in my opinion shift the burden of proof as contended upon plaintiff to negative the suggestion. The creditors in their answer asserted the fact and consequently the burden of identification rested upon them except as to materials or products or parts which obviously came into existence afterwards and in which the creditors had an interest.

The principal question herein arises from the contention that the burden of proving identification did not rest upon the creditors; that its prima facie showing put the burden of explanation on the plaintiff. The character of the testimony adduced before the special master does not overcome or outweigh the presumption that the disputed articles were in the possession of the mortgagee when the trust mortgage was given. In N. Y. Security Co. v. Saratoga Gas Co., 88 Hun, 569, 34 N. Y. Supp. 890, affirmed 157 N. Y. 689, 51 N. E. 1092, it was expressly held that, although a mortgage on after-acquired property between the parties was valid as to them, still third parties who assert a prior lien, or that the lien is not enforceable against them must prove that the articles or property were in fact after-acquired and exempt from the lien. Stevens' Digest Evidence, pp. 363–366. Cyc. vol. II, p. 926. It is no answer to this rule to say that it applied to a public utilities corporation and not a manufacturing corporation.

[3] It is next contended that the description of the property must be construed or interpreted by the application of the rule ejusdem generis, namely, that the mortgage covers only the specific property or property of like nature particularized in the clause beginning "all turbines," etc But the word "including," in view of the general provision preceding the specific enumeration of the

things mortgaged, is not a term of limitation. On the contrary, it implies an additional inclusion to that evidenced by the use of general language. Matter of Goetz, 71 App. Div 272, 75 N. Y. Supp. 750; 2 Words and Phrases, Second Series, p. 1007; Gray v. Mass. C. R. Co., 171 Mass. 116, 50 N. E. 549.

Accordingly, in view of the failure of the creditors to prove that there was in fact certain personal property acquired by defendant after making the mortgage to the plaintiff, the separation by the special master of the specific articles included in the lien of the mortgage, and exempting therefrom certain properties was right, and his report is confirmed.