## CIRCUIT COURT OF LOUDOUN COUNTY

Billy Gene Buckley

v.

Zoning Appeals Board
of Loudoun County

June 4, 2002

Case No. (Chancery) 20141

BY JUDGE THOMAS D. HORNE

This case came before the Court on the return of a Writ of Certiorari directed to the Loudoun County Board of Zoning Appeals. Va. Code Ann. § 15.1-2314. On June 22, 2000, the Board, by a vote of 3 to 1 to 1, determined to uphold an earlier decision of the Zoning Administrator relating to the use of petitioner's property as a "log yard." Petitioners assert the Board and the Zoning Administrator have erred in their determinations and that judicial intervention is necessary.

In seeking to reverse the decision of the Board, the petitioner must demonstrate that Board applied erroneous principles of law or that its decision is plainly wrong and violative of the purpose and intent of the Zoning Ordinance. *Masterson v. Board of Zoning Appeals of the City of Virginia Beach*, 233 Va. 37 (1987). The Court will accord the decision of the Board with the required presumption of correctness.

Billy Gene Buckley is the record owner of approximately 8.5 acres of land located in an area of Loudoun County designated as an A-3, Agricultural Residential zoning district. The stated purpose of the A-3 zoning district is:

> to provide for the continued practice of agriculture, farm operations, agriculturally related and home based businesses, low density residential developments, preferably in a hamlet subdivision pattern,

and other uses in a predominantly rural environment. The district also permits direct marketing of farm products and services.

Loudoun County, Va., Zoning Ordinance § 2-301.

Those uses permitted by right in an A-3 zone include agriculture, horticulture, forestry, and fishery. Loudoun County, Va., Zoning Ordinance § 2-302(a). Only designated uses are permitted in the zone. Loudoun County, Va., Zoning Ordinance § 1-203. In 1988, a zoning permit was issued for the shed located on the property as "an accessory use to agricultural use on site." Loudoun County, Va., Zoning Ordinance § 2-306 (D).

The General Assembly, in the Right to Farm Act, has limited the authority of local governments to regulate agricultural and silvicultural activity in an area zoned as an agricultural district or classification. Va. Code Ann. § 3.1-22.28. Silvicultural activities are not considered either private or public nuisances where such operations are conducted, "in accordance with best management practices and comply with existing laws and regulations of the Commonwealth." Va. Code Ann. § 3.1-22.29. Negligent and improper agricultural operations are excluded from the protective reach of the statute. Va. Code Ann. § 3.1-22.29.

Mr. Buckley acquired the property in 1999. At the time the property was acquired, there was a building located on the tract. The property is used as a "log yard." A "log yard" is a location where unprocessed felled trees are taken, sorted by grade and species, and hauled to prospective purchasers. No milling or processing of trees occurs on site. Photographs have been taken of the site and are part of the record. Unlike a sawmill, no cutting or processing of the felled trees occurs on the property.

On March 13, 2000, Mr. Buckley received a notice from the Zoning Administrator's office that he was in violation of the Loudoun County Zoning Ordinance. The violation charged involved the use to which the property and building located at the site were being put. Specifically, the Zoning Administrator opined that the operation of the "log yard" was that of a "distribution facility" as defined by the zoning ordinance. The operation of a distribution facility in an A-3 zone is not permitted by either right or special exception.

A "distribution facility" is defined by the zoning ordinance as, "[t]he intake of goods and merchandise, individually or in bulk, the short term storage of such goods or merchandise, and/or the breaking up into lots or parcels and subsequent shipment off-site of such goods and merchandise. . . ." Although Mr. Buckley is prohibited from operating a "distribution facility" on his property, he may, by right, carry on agricultural, horticultural, forestry, and fishing uses.

Agriculture is defined by the ordinance as, "[a]ny form of agriculture or horticulture and related buildings and uses associated with the production, and/or sale of plants and animals useful to humans, including but not limited to . . . silviculture . . . and the primary processing storage of agricultural production." Loudoun County, Va., Zoning Ordinance Art. VIII, Silviculture is not defined by the zoning ordinance. Accordingly, the Court will ascribe to silviculture the common definition that it is, "the care and cultivation of forest trees: Forestry." Webster's II New College Dictionary 1029 (1995). Forestry is defined by the zoning ordinance as, "[t]he planting, growing, and harvesting of trees, but not including saw milling or other processing of trees or parts thereof."

It has been suggested a forestry use may be permitted use only if trees are planted, grown, and harvested in situ. Such a conclusion the Court finds both illogical and unreasonable. Trees may take years to grow, are often not planted by the harvester, and yet maintain their quality as a product of silviculture.

Should the Court determine the operation of the "log yard" and related building is an agricultural use and that the Board applied erroneous principles of law in deciding the case, the decision must be reversed.

Although the County invites the Court to apply the expansive definition of "goods" contained within the Uniform Commercial Code to the definition of "goods and merchandise" contained in the Zoning Ordinance, the Court declines such invitation. There is nothing in the Zoning Ordinance that would suggest that such a definition is appropriate. However, even should the Court find that the logs stored and sorted at the site are goods; this finding is not determinative of the issue.

What the petitioner is doing on the property is a form of forestry and agriculture that utilizes the existing building. As such, he is engaged in "forestry" and "silviculture" as the common meaning and the ordinance define those terms. He is entitled to engage in agriculture as a matter of right within an A-3 zoning district. The Court finds that the word "including" when read in conjunction with the phrase, "but not limited to" is a word of enlargement and not of the limiting nature asserted by the Board. 17 M.J., Statutes, § 60; *In re Goetz's Will*, 75 N.Y. Supp. 750 (1902); cf. *Montello Salt Co. v. Utah*, 221 U.S. 452 (1911).

Furthermore, this inclusion of the use of the property within a permitted agricultural use is consistent with the evidence presented before the Board, the purposes of the A-3 District, and the Right to Farm Act. Saw mills are a far more intense use than that engaged in by the petitioner and necessarily include the activities engaged in at his property.

The fact that the "log yard" may generate traffic to the site does not disqualify the petitioner from utilizing his property for such purpose. With the operation of the "log yard" in close proximity to new residential properties, the conflict between agricultural and nonagricultural uses is brought into sharp focus. This conflict is recognized and addressed by the General Assembly in the Right to Farm Act.

Accordingly, the Court finds that the interpretation of the Board and of the Zoning Administrator is based upon erroneous principles of law and that the decision should be reversed. The "log yard" is found to be a permitted use in the A-3 district.